**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

Gentiva Health Services, Inc.,

                           Plaintiff,        Case No. 1:19-cv-01912

v.                                           Michael L. Brown
                                             United States District Judge

Paul Verhoeve,

                           Defendant.

_____/

## ORDER

Plaintiff Gentiva Health Services, Inc. has moved to restrain Defendant Paul Verhoeve, a former employee, from working for a competitor, soliciting its employees, and using its confidential information.  The Court grants Gentiva a fourteen-day temporary restraining order preventing Verhoeve from working for a competitor but denies the other relief sought.

## I.    Background

Gentiva provides health services, including home health and hospice care, to patients throughout the United States.  (Dkt. 1 ¶ 4.) Verhoeve worked as Gentiva's President for the West Region, with

responsibility for 120 locations in Arizona, Arkansas, California, Colorado, Idaho, Nevada, New Mexico, Oregon, Texas, and Washington. (Dkt. 12-3 ¶ 3.)  Verhoeve monitored budgets; oversaw an executive leadership team that covered operations, sales, clinical, finance, and human resources; and managed consumer marketing. (Dkt. 1 ¶¶ 10–11.) Gentiva claims Verhoeve helped develop its business, products, and marketing strategy and other trade secrets and confidential information, including its operating methods, referral sources, patient information, pricing information, financial information, and personnel data. (*Id.* ¶ 12–13.)

In August 2015, the parties entered into an Amended Executive Employment Agreement.  (Dkt. 1-2.)  Gentiva agreed to pay Verhoeve $100,000.00 and he agreed not to do some things when his employment ended.  (*Id.* ¶ 1.) Verhoeve  agreed that — for a period of one year — he would not provide Gentiva's competitors the same or substantially similar services as those he provided to Gentiva in any of the locations in which Gentiva or Kindred Healthcare, Inc. (an affiliated business) engage in their business.  (*Id.* at 1, ¶ 9(a).)  He also agreed not to solicit any of Gentiva's or Kindred Healthcare's clients, prospective clients, or

employees during that one-year period. (*Id*. ¶¶ 9(b)–(c).) Finally, Verhoeve agreed not disclose or use Gentiva's confidential information. (*Id*. ¶ 8.)

Verhoeve resigned from his position with Gentiva in August 2018. (Dkts. 1 ¶ 26; 12-3 ¶ 5.) In February 2019, he began working as the chief executive officer of Mission Healthcare, a competitor of Gentiva that provides health and hospice services in ten locations in California. (Dkt. 12-3 ¶ 8–9.)

Gentiva sued Verhoeve, alleging breach of the amended agreement, violations of the Defend Trade Secrets Act of 2016 and the Uniform Trade Secrets Act, and fraud. (Dkt. 1.) Gentiva then moved for a temporary restraining order. The Court held a hearing on Gentiva's motion and granted emergency injunctive relief.

## II.   Standard of Review

The standard for granting both a temporary restraining order ("TRO") and a preliminary injunction are the same. *Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 779 F.3d 1276, 1280 (11th Cir. 2015). A plaintiff is entitled to preliminary injunctive relief if it shows through evidence that (1) it is likely to succeed on the merits of its claims, (2) it is

likely to suffer irreparable harm without preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *ACLU of Fla., Inc. v. Miami-Dade Cty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009).

## III.  Discussion

Gentiva satisfied the requisite elements necessary to grant a TRO on Gentiva's claim that Verhoeve violated the Non-Competition clause of the Employment Agreement.  Gentiva failed to satisfy the necessary elements for emergency injunctive relief on its claims Verhoeve violated the Non-Solicitation and Nondisclosure provisions.  This order memorializes the Court's findings.

    (1)    Gentiva is likely to succeed on the merits of its claim for breach of the non-competition restrictive covenant, but not on its claims for breach of the employee non-solicitation or non-disclosure covenants.

4

(a)    Georgia law allows companies and employees to restrict an employee's ability to work for a competitor when their relationship ends.  O.C.G.A. § 13-8-53(a).  To state such a claim, an employee must show that (1) it has a legitimate business interest that the covenant is designed to protect, O.C.G.A. § 13-8-55; (2) the employee performed one or more of the following functions: customer solicitation, sales, management, or the duties of a key employee, O.C.G.A. § 13-8-53(a); and (3) the restrictions are reasonable in time, geographic area, and scope of prohibited activities, O.C.G.A. § 13-8-53.

(b)    The Non-Competition provision negotiated by Gentiva and Verhoeve had a duration of one year and precluded him from providing a competitor services that are "substantially similar" to those he provided Gentiva before his termination.    These limitations are reasonable.  O.C.G.A. § 13-8-57(b) (period of less than two years "presume[d] to be reasonable"); O.C.G.A. § 13-8-53(c)(2) (description of precluded activities).

(c)   The Non-Competition agreement, however, covered the entire United States, a far larger geographic area than that in which Verhoeve worked.   That scope is unreasonable.   But, Georgia law provides that a post-employment covenant "shall be construed ultimately to cover . . . the geographic areas actually involved within a reasonable period of time prior to termination." O.C.G.A. § 13-8-53(c)(1).   Georgia law also provides a court the authority to modify a restraint provision to "achieve the original intent of the contracting parties to the extent possible." O.C.G.A. § 13-8-54(b).   In the light of the clear evidence the parties intended to restrain Verhoeve's employment upon his departure from Gentiva (and in the absence of any evidence of bad faith by Gentiva), the Court will exercise its authority (for the purposes of this order) to modify the Non-Competition provision to cover only the geographic area in which Verhoeve worked prior to his departure — that is, Gentiva's West Region.

(d) Gentiva has presented evidence that Verhoeve had substantial involvement in its client and referral relationships, its strategic operations, and the development of the company's goodwill. He also had access to confidential business information. Gentiva has a legitimate business interest in protecting these assets. *Murphy v. Yancey*, 716 S.E.2d 824, 827 (Ga. 2011) ("[I]t is well established that an employer has a protectable interest in the customer relationships its former employee established or nurtured."); O.C.G.A. § 13-8-51(9) (legitimate business interests include confidential information, relationships with existing customers and clients, good will). The Non-Competition provision is intended to protect these interests.

(2) Gentiva has demonstrated that it will suffer irreparable harm to its protected interest in customer relations and goodwill and the goodwill among its employees, if the Court does not grant injunctive relief restraining Verhoeve from providing to Gentiva's competitors services that are the same or

7

substantially similar to the services he provided to Gentiva. *Ferrero v. Associated Materials Inc.,* 923 F.2d 1441, 1449 (11th Cir.1991) (noting that loss of customers and goodwill is "irreparable" injury).

(3)    The balance of the equities weighs in favor of Gentiva, given that the non-competition covenant is restricted in the scope of the covered activities. This order obviously interferes with Verhoeve's employment. This harm, however, results from the enforcement of an agreement that he accepted and for which he received significant compensation. The balance of harm thus favors Gentiva.

(4)    The public interest, including the interest in enforcing restrictive covenants that protect legitimate business interests and creating an environment that is favorable to attracting commercial enterprises to Georgia and keeping existing businesses within the state, is served by entering injunctive relief against Verhoeve. Since the public also has an interest in the enforcement of agreements, the negative

impact on Verhoeve is not against the public interest.  He bargained for this outcome.

(5)   Gentiva failed to present evidence that Verhoeve violated the Non-Solicitation provision or Nondisclosure provision of the Employment Agreement.  The Court thus finds that Gentiva has not shown a likelihood of success on the merits of these claims and denies the requested relief.

## IV.   Conclusion

The Court **GRANTS** in part Gentiva's Motion for Temporary Restraining Order. (Dkt. 5.)  Under Federal Rule of Civil Procedure 65 and pending a further hearing on a renewed motion for a preliminary injunction, the Court **ENJOINS** and **RESTRAINS** Verhoeve for a period of fourteen days from providing to Mission Healthcare or any of Gentiva's competitors management, strategic, operations, financial, or other services that are the same as or substantially similar to the services that he provided to Gentiva during his last two years of employment.  This restriction is limited to California, Nevada, Arizona, New Mexico, Texas, Arkansas, Washington, Idaho, Oregon, and Colorado.   The Court **ORDERS** that any violation of the term(s) of this order will be

9

punishable by contempt and other appropriate relief that this Court finds just and proper.  The Court **DIRECTS** the parties to contact the Court should they require expedited discovery.

The Court sets an evidentiary hearing for 11:00 a.m. on June 5, 2019, to consider whether to convert this temporary restraining order into a preliminary injunction.  The Court instructs Gentiva to be prepared to provide additional evidence about Verhoeve's role within the company, the strategic relationships that he developed, the goodwill he created, and how Verhoeve will damage those without on-going injunctive relief.

**SO ORDERED** this 23rd day of May, 2019.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE